OPINION
{¶ 1} This appeal emanates from a final judgment of the Lake County Court of Common Pleas, ordering appellant, Carol D. Semala, to serve consecutive sentences. For the reasons that follow, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.
 {¶ 2} According to the official police version of the offenses contained in the presentence investigation report, appellant conspired to kill her husband's mistress, Shirley Bradley ("Bradley"), and, to this end, made two attempts to kill Bradley. With regard to the first attempt, appellant "solicited/threatened the assistance of her juvenile son, David Semala ("David"), and his adult girlfriend Ericka Hickman "(Hickman")." Under appellant's instruction, appellant, David, and Hickman assembled two "Molotov cocktails," consisting of empty beer bottles, pieces of a shirt, gasoline, and gunpowder from shotgun shells. On December 27, 2000, the "Molotov cocktails" were utilized to set an apartment on fire. The apartment belonged to Kathy Lyons ("Lyons"), rather than Bradley.
 {¶ 3} With regard to the second attempt on Bradley's life, appellant solicited David, Hickman, and two juveniles: Melissa Jewel and Jessica Belanger. On December 29, 2000, "molotov-cocktails" were used to set fire to an apartment occupied by Christopher Simpson (Simpson"), his children, and one of his children's friends. Neither Lyons nor Simpson knew Bradley.
 {¶ 4} As a result of these events, the Lake County Grand Jury rendered a seven count indictment against appellant on the following charges: two counts of aggravated arson, felonies of the first degree, in violation of R.C. 2909.02(A)(1); two counts of aggravated arson, felonies of the second degree, in violation of R.C. 2909.02(A)(2); two counts of attempted murder, felonies of the first degree, in violation of R.C.2923.02 and 2903.02; and one count of conspiracy to commit murder, a felony of the first degree, in violation of R.C. 2923.01(A)(1).
 {¶ 5} On June 27, 2001, appellant pleaded guilty to two amended charges: one count of aggravated arson, a felony of the first degree, in violation of R.C. 2909.02(A)(1); and, one count of attempted murder, a felony of the first degree, in violation of R.C. 2923.02 and 2903.02. A Nolle prosequi was entered on the remaining counts set forth in the indictment. Subsequently, appellant was sentenced to serve a prison term of nine years on both amended counts, to run consecutively. From this judgment and sentence, appellant raises the following assignment of error:
 {¶ 6} "The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences."
 {¶ 7} In her sole assignment of error, appellant argues that the trial court failed to state its reasons for imposing consecutive sentences, as required by R.C. 2929.19(B)(2)(c) and 2929.14(E)(4). The State acknowledges that the trial court failed to make factual findings and provide explicit reasons for imposing consecutive sentences, and therefore, requests that the sentence be reversed and the cause remanded for the trial court to comply with the statutory requirements.
 {¶ 8} A reviewing court will not reverse a sentence unless the appellant demonstrates that the trial court was statutorily incorrect or abused its discretion by failing to consider the sentencing factors. See e.g., State v. Chapman (Mar. 17, 2000), 11th Dist. No. 98-P-0075, unreported, 2000 Ohio App. LEXIS 1074. An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. See e.g., Statev. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 9} Before imposing consecutive sentences, a trial court must make the findings set forth in R.C. 2929.14(E)(4) on the record. Statev. Fitzpatrick (Dec. 2, 2000), 11th Dist. No. 99-L-164, 2000 Ohio App. LEXIS 5608, citing State v. Kase (Sept. 25, 1998), 11th Dist. No. 97-A-0083, 1998 Ohio App. LEXIS 4498. First, the trial court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(E)(4). Second, the trial court must determine that one of the other factors listed in R.C. 2929.14(E)(4) exists: (a) the offender was awaiting trial or sentencing or was under community control sanction, (b) the harm caused by the offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct proves that consecutive sentences are needed to protect the public from future crime. State v.Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 Ohio App. LEXIS 2573. These findings must appear in the judgment entry or in the transcript of the sentencing hearing. Fitzpatrick, supra.
 {¶ 10} In addition, when imposing consecutive sentences the trial court must comply with R.C. 2929.19(B)(2)(c), which requires that the court state its reasons for imposing consecutive sentences.
 {¶ 11} A review of the record reveals that the trial court satisfied the initial requirement of R.C. 2929.14(E)(4) by finding that consecutive sentences were necessary to protect the public from future crime or to punish appellant, and were not disproportionate to the seriousness of appellant's conduct and the danger he posed to the public. The trial court also comported with the second requirement of R.C. 2929.14(E)(4) by determining, in its judgment entry, that "the harm caused by the multiple offenses committed by [appellant] was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of [appellant's] conduct. See R.C. 2929.14(E)(4)(b).
 {¶ 12} However, as noted by the parties, the trial court failed to justify its imposition of consecutive sentences, as required by R.C.2929.19(B)(2)(c), in either the sentencing hearing or its judgment entry.
 {¶ 13} Based on the foregoing, the sentence of the trial court is reversed and the cause remanded for the trial court to comply with R.C.2929.19(B).
DONALD R. FORD, J., JUDITH A. CHRISTLEY, J., concur.